UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS ELLIOTT SCOTT,

        Petitioner,                              Case. No. 2:23-cv-12134

v.                                             Hon. Nancy G. Edmunds

FREDEANE ARTIS,

        Respondent.
_____/

**ORDER AND OPINION SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Nicholas Elliott Scott, a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed *pro se* a pleading titled "Petition," that suggests he is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner requests the Court grant him permission to file a motion for an evidentiary hearing, to determine if his conviction violated his constitutional rights.

As explained in more detail below, because Petitioner's pleading does not meet the requirements for commencing a habeas case, the petition will be dismissed without prejudice. The Court will also deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

I.    BACKGROUND

Petitioner provided no information on his underlying conviction and sentence, so the information in this section is drawn from State of Michigan and federal court records.[1]

---

[1] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir.), *cert. granted*,

Following Petitioner's jury trial convictions of first-degree, premeditated murder, Mich. Comp. Laws. § 750.316; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, he was sentenced as an habitual offender, fourth offense, Mich. Comp. Laws § 769.12, to life imprisonment for murder and a consecutive two-year term for the weapons conviction. *People v. Scott*, No. 216500, 2001 WL 629646, at *1 (Mich. Ct. App. May 29, 2001) (per curiam). Petitioner filed an appeal of right with the Michigan Court of Appeals, on the grounds "that the jury instructions were erroneous, the prosecutor committed misconduct, and trial counsel was ineffective." *In re: Nicholas E. Scott*, No. 20-1160, *slip op.* at 1 (6th Cir. Aug. 14, 2020) (unpublished order). The Michigan Court of Appeals affirmed the convictions and sentences, *Scott*, 2001 WL 629646, *1, and the Michigan Supreme Court denied him leave to appeal. *People v. Scott*, 636 N.W.2d 528 (Mich. 2001).

Petitioner filed a federal habeas petition in 2002, raising the same issues he brought in the state courts, but the court denied relief. *Scott v. Berghuis*, No. 2:02-cv-72393 (E.D. Mich. Mar 28, 3003). In 2020, Petitioner returned to the Sixth Circuit to request authorization for a second or successive § 2254 petition. *In re: Scott*, No. 20-1160, *slip op.* at 1 (citing 28 U.S.C. § 2244(b)). That court analyzed his claims of newly discovered evidence and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and determined that Petitioner had not met the requirements of § 2244(b)(2). *Id.* at 2-3. The circuit court declined to authorize a second or successive petition. *Id.* at 3.

---

139 S. Ct. 451 (2018), *and aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted).

In the pleading titled "PETITION" now before this Court, Petitioner requests permission to file a motion for an evidentiary hearing. He asserts he has returned to the state courts, raising the question whether "his conviction for first degree murder violates his civil and constitutional right to equal protection and due process and a fair trial . . ." (ECF No. 1, PageID.1.) Petitioner reports that Wayne County Circuit Court, the Michigan Court of Appeals, and the Michigan Supreme Court all failed to answer the question. (*Id.*) *See People v. Scott*, No. 362957 (Mich. Ct. App. Nov. 15, 2022) (unpublished order), *lv. den.*, 986 N.W.2d 923 (Mich. 2023).

Petitioner did not provide the court orders he cites. Again looking to the state court records, the court of appeals dismissed Petitioner's application for leave because his filing was untimely. *Scott*, No. 362957. The state supreme court denied leave in a standard form order and also denied Petitioner's motion for an evidentiary hearing. *Scott*, 986 N.W.2d 923.

## II.  LEGAL STANDARDS

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

To commence a civil action in federal court, a litigant must file a complaint with the court. Fed. R. Civ. P. 3. The Federal Rules of Civil Procedure apply to habeas actions unless they are inconsistent with the Habeas Corpus Rules, and "[n]othing in the Habeas Corpus Rules contradicts Rule 3." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Id*.; *see also United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) (a proper habeas action is required to challenge a federal prisoner's conviction and sentence); *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) ("[N]o case or controversy generally exists before an actual [habeas] petition is filed").

A habeas petition must "allege the facts concerning the applicant's commitment or detention[.]" 28 U.S.C. § 2242, ¶ 2. The petition must also "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested . . ." Rule 2(c), Rules Governing Section 2254 Cases. Finally, "[t]he petition must substantially follow either the form appended to [the Rules Governing Section 2254 Cases] or a form prescribed by a local district-court rule." Rule 2(d), Rules Governing Section 2254 Cases.

### III.   DISCUSSION

Petitioner's pleading does not meet the requirements for commencing a habeas case. He has not provided the facts of his convictions and sentences as required. *See* 28 U.S.C. § 2242, ¶ 2. And while he claims to have litigated his case in the state courts (ECF No. 1, PageID.1), he has not specified his grounds for relief, as Rule 2 requires. Petitioner's assertion that his murder conviction violated his "constitutional right to equal

protection and due process and a fair trial under the [F]ourteenth [A]mendment" is too general to serve the purposes of Rule 2 and further, is without factual support. Accordingly, Petitioner has failed to commence a habeas action. *Woodford*, 538 U.S. at 208; *Asakevich*, 810 F.3d at 420.

Petitioner's motion for an evidentiary hearing will be denied. Petitioner cannot request such a hearing before he has established a case. Federal courts generally may not "grant relief in non-existent cases[,]" because without an originating petition or complaint, the "case or controversy" required for Article III jurisdiction is absent. *Asakevich*, 810 F.3d at 420. As a result, "in the absence of a pending § 2255 motion, there was no action in the district court to which [a] motion could apply." *Id.* at 423 (citations omitted). (*Asakevich* also explains that § 2255 and § 2254 actions "mirror" one another as "collateral proceedings," and that legal precedent applies to cases brought under the two statutes "interchangeably." *Id.*)

The petition will be dismissed without prejudice to Petitioner raising his issues in a proper habeas petition. It is important to note before suggesting Petitioner try again, that if the pleading were an actual, Rule 2-compliant petition, the Court would be obligated to transfer it to the Sixth Circuit as a second or successive petition for that court's authorization pursuant to 28 U.S.C. § 2244(b). Petitioner has previously sought such authorization, so he is aware of the requirement.

In this case, because the pleading was defective and therefore not a habeas petition of any kind, the Court declines to transfer the case. Again, however, before filing a future second or successive petition, Petition must move for the Sixth Circuit's authorization and demonstrate that he meets the very narrow exceptions of § 2244(b)(2).

## IV.  CONCLUSION AND ORDER

For the reasons stated above, the habeas petition is **DISMISSED WITHOUT PREJUDICE**.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court DENIES a certificate of appealability.

The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court DENIES leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

Dated: September 28, 202

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE