**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NICHOLAS ELLIOTT SCOTT,

        Petitioner,                      Case. No. 2:23-cv-12134

v.                                        Hon. Nancy G. Edmunds

FREDEANE ARTIS,

        Respondent.

_____/

## ORDER AND OPINION DENYING PETITIONER'S MOTION FOR RECONSIDERATION (ECF NO. 7)

Petitioner Nicholas Elliott Scott is a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan. In August 2023, he filed *pro se* a pleading titled "Petition" which asked the Court to determine if his first-degree murder conviction violated his rights to equal protection and due process under the Fourteenth Amendment. (Pet., ECF No. 1, PageID.1.) The Court interpreted Petitioner's filing as an attempt to seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 5.) It dismissed the petition without prejudice for failing to comply with the Rules Governing § 2254 Cases as well as the Federal Rules of Civil Procedure. (*Id.*)

Now before the Court is Petitioner's motion for reconsideration. (ECF No. 7.) Because the Petitioner does not meet the standards for relief from a final judgment or order under Federal Rule of Civil Procedure 60(b)(3) or on any other basis, the motion will be denied. The case remains closed.

## I. DISCUSSION

Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3). That rule permits a court to relieve a party from a final judgment or order on the basis of "fraud . . ., misrepresentation, or misconduct by an opposing party[.]" Under Rule 60(b)(3), a movant must "show by clear and convincing evidence that the district court's judgment was obtained by fraud or misconduct." *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007) (citation omitted).

Because Petitioner is proceeding *pro se*, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But there are limits to that leniency. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). For instance, "courts are not required to . . . guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Nor are they obligated to "put flesh on [the] bones" of an unsupported or undeveloped argument. *United States v. Simmons*, 794 F. App'x 461, 469 (6th Cir. 2019) (citing *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010)).

Petitioner's motion provides no further explanation, factual support, or argument for the allegation of fraud or misconduct implicit in his citation to Rule 60(b)(3). He has not established he is entitled to relief under the rule.

Further, Petitioner's argument that he never intended his initial pleading to be construed as a petition for a writ of habeas corpus, but instead sought removal of his criminal case to federal court under 28 U.S.C. § 1443 (*see* ECF No. 7; *see also* Mot., ECF No. 3, PageID.23), is also without merit. The Sixth Circuit recently decided this question in a very similar case, where a petitioner sought removal of his criminal

proceedings from the state courts under section 1443 and the district court reclassified his removal petition as a habeas action under § 2254. *Williams v. Corrigan*, No. 22-2096, 2023 WL 3868657, *2 (6th Cir. May 12, 2023) (unpublished).

The court of appeals denied the petitioner a certificate of appealability, explaining that

> [a] defendant seeking removal of a pending criminal prosecution must file a notice of removal not later than 30 days after arraignment in state court "or at any time before trial, whichever is earlier," unless good cause is shown. 28 U.S.C. § 1455(b)(1). Williams's removal petition was untimely given that it was filed 15 years after his conviction.

*Id*. The court also affirmed the district court "constru[ing] Williams's removal petition as a habeas petition 'because, at its core, [his] request challenges the validity of his State-court conviction and 'illegal sentence.'" *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)) (stating "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .").

As in *Williams*, Petitioner's attempt to remove his 1998 criminal case to federal court is untimely. The decision's citation to *Preiser*, *supra*, similarly requires this Court reject Petitioner's argument that his "petition was not suppose[d] to fall under the same standards as a writ of habeas corpus."

Finally, not only has Petitioner failed to initiate a habeas case by filing a petition – his only option for the relief he seeks – he has not commenced a federal lawsuit of any kind. As explained in the prior order, to begin a civil action in federal court, a litigant must file a complaint with the court. Fed. R. Civ. P. 3. Petitioner has not filed a complaint; as he argues, he seeks relief in the form of an evidentiary hearing. (ECF No. 7.) In the

3

absence of a complaint and thus a case or controversy, this Court has no jurisdiction. *See United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016).

## II.  CONCLUSION AND ORDER

For the reasons stated above, the motion for reconsideration is **DENIED**, and the case remains **CLOSED**.

SO ORDERED.

Dated  October 23, 2023

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE